# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND B., *pro se*, | Civil No. 22-00159 (KMW) |
| Plaintiff, | **MEMORANDUM OPINION &** |
| v. | **ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**WILLIAMS**, District Judge

This action arises from a denial of social security benefits in which *pro se* Plaintiff, Raymond B.,[1] appeals a social security determination made by the Commissioner of Social Security ("Commissioner").  After filing his Complaint [ECF No. 1], Plaintiff has made multiple other filings [ECF No. 5; ECF No. 9; ECF No. 10] requesting – to amend his Complaint, and for appointment of *pro bono* counsel.[2]  For the reasons that follow, Plaintiff's Complaint is dismissed for failure to meet the 60-day filing requirement. In the interest of efficiency and judicial economy, the Court will also address Plaintiff's other requests.

Plaintiff is deemed to have received notice that the Commissioner's decision was final on September 18, 2021 (five days after the September 13, 2021 "Notice of Appeals Council Action"), and over 100 days later, on January 12, 2022, filed this Complaint seeking to appeal

---

[1] Plaintiff is identified only by his first name and last initial in this opinion, pursuant to Chief District Judge Freda Wolfson's Standing Order 2021-10, issued on October 1, 2021, *available at* https://www.njd.uscourts.gov/sites/njd/files/SO21-10.pdf.

[2] On February 28, 2022, Plaintiff filed a letter [ECF No. 5] requesting two things – to amend his Complaint and for the appointment of *pro bono* counsel. Subsequently on March 24, 2022, Plaintiff filed an Amended Complaint [ECF No. 9] adding three defendants and filed a Motion for the Appointment of *Pro Bono* Counsel [ECF No. 10]. Plaintiff also requested *pro bono* counsel in his Complaint. [ECF No. 1].

the decision.  Section 405(g) requires an individual to commence a civil action within 60 days after receiving notice that the Commissioner's decision is final. 42 U.S.C.A. § 405(g). In this case, Plaintiff requests that the Court toll the 60-day deadline due to "inadvertence" and "oversight". However, this request should be directed to the Commissioner, not the Court. The Commissioner determines whether there is good cause to extend the time for filing an action in a Federal district court. *See* 20 C.F.R. § 404.982.  Consequently, Plaintiff's Complaint [ECF No. 1] will be dismissed without prejudice to allow plaintiff the opportunity to seek an extension of time from the Commissioner. Should Plaintiff's request be granted, he may refile his social security appeal.

Turning to Plaintiff's other requests, on February 28, 2022, Plaintiff filed a letter requesting to amend his complaint to include the "Victim of Crime Compensation Office" ("VCCO")[3] as a defendant due to its failure to provide compensation to the Plaintiff as a victim of crime. [ECF No. 5]. Subsequently, Plaintiff filed what purports to be an Amended Complaint in this action by filing Pro Se Form 15, Complaint for Violation of Civil Rights. In this form, Plaintiff identifies three new defendants – the Commissioner of the Department of Children and Families; the Acting Attorney General; and Judge M. Susan Sheppard – and alleges that they violated the Indian Child Welfare Act. [ECF No. 9]. In this case, the Court's subject matter jurisdiction is limited to the review of the final decision of the Commissioner denying social security benefits. *See* 42 U.S.C. § 405(g). In affirming, modifying, or reversing the final decision, the Court confines its review to the administrative record. *Id.* Expanding this action to

---

[3] VCCO is a New Jersey Office organized under the State's Department of Law and Public Safety. There is also an Office for Victims of Crimes ("OVC") organized under the federal government by the U.S. Department of Justice. The Court assumes that the Plaintiff is referring to VCCO in his Complaint; however, the decision reached by the Court in this Order remains the same irrespective of which office (VCCO or OVC) Plaintiff intended to add as a defendant.

include VCCO and the three other defendants would require the review of matters unrelated to the underlying social security action, thereby falling outside the ambit of the Court's jurisdiction as set forth in section 405(g). *Zied v. Barnhart*, 716 F. App'x 102, 104 (3d Cir. 2017) (affirming decision of a district court requiring Plaintiff to file separate actions – one challenging the ALJ's benefits determination and one raising her statutory and constitutional claims). Thus, Plaintiff's attempt to amend his Complaint, via letter request and through the filing of a purported Amended Complaint, to include additional parties is improper and, therefore, is denied.

Plaintiff's last requests seek the appointment of *pro bono* counsel to assist him and act as a "trustee" and a "broker to wind up [his] affairs."[4] [ECF No. 1 at 7; ECF No. 5 at 1; ECF No. 10 at 3]. However, as the Court is dismissing Plaintiff's Complaint in its entirety, Plaintiff's requests for *pro bono* counsel are rendered moot.

ACCORDINGLY, IT IS this 28th day of April 2022, hereby

**ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**; and

**ORDERED** that Plaintiff's request to Amend his Complaint is **DENIED**; and

**ORDERED** that Plaintiff's Amended Complaint is **DISMISSED**, and it is further

**ORDERED** that Plaintiff's requests and Motion for the Appointment of *Pro Bono* Counsel are **DENIED AS MOOT.**

s/ Karen M. Williams

At Camden, New Jersey

KAREN M. WILLIAMS, U.S.D.J.

---

[4] Plaintiff makes three requests for the appointment of *pro bono* counsel. Plaintiff first makes a request in his Complaint [ECF No. 1], then in his letter [ECF No. 5 at 1], and lastly in his Motion for the Appointment of *Pro Bono* Counsel [ECF No. 10 at 3].